FILED
2018 Mar-12 AM 11:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JENIECE JANUARY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:16-cv-00646-AKK |
| ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION

Jeniece January brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration regarding her claim for Supplemental Security Income and Disability Insurance Benefits. On February 8, 2018, the Magistrate Judge entered a report and recommendation affirming the Commissioner's decision denying benefits, doc. 13, and Ms. January filed her amended objections to the Magistrate Judge's report on March 5, 2018. Doc. 18. In a nutshell, Ms. January argues that the Commissioner failed to meaningfully evaluate all the findings of a consultative physician, failed to include in Ms. January's RFC an additional impairment identified by the consultative physician, and failed to adequately develop the

record regarding the potential side effects caused by Ms. January's medications. *Id.* at 1, 6. The court will address each objection in turn.

> A. *Objection 1–Whether the ALJ Failed to Adequately Evaluate the Opinion of Consultative Examiner Dr. Randall Griffith and to Incorporate that Opinion into Ms. January's RFC*

Ms. January's first objection raises two intertwined arguments. First, Ms. January contends that the ALJ did not adequately explain the weight he afforded Dr. Randall Griffith's findings. Specifically, she argues that the ALJ's RFC does not fully reflect the scope of the non-exertional limitations identified by Dr. Griffith. Second, Ms. January points out that the ALJ never addressed Dr. Griffith's mention of Ms. January's diminished "bilateral manual dexterity" as a basis for disability or as an additional limitation in her RFC.

When dealing with medical opinions, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Absent good cause, the ALJ must give substantial or considerable weight to a treating physician's opinion. *Id.* In contrast, the ALJ need not defer to one-time, consultative examiners, like Dr. Griffith, who do not qualify as treating physicians. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Critically, the RFC determination is reserved to the ALJ and she may freely "reject the opinion of any physician if the

2

evidence supports a contrary conclusion." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) (citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)). Moreover, when establishing the RFC, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable . . . [the court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.'" *Dyer v. Barnhart*, 395 F.3d 1206, 121 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

The core of Ms. January's argument is that the ALJ apparently accepted Dr. Griffith's findings, according them "good weight," without including those findings in the RFC. In other words, Ms. January claims that the RFC, as determined by the ALJ, is less restrictive than Dr. Griffith's findings suggest, and that the RFC fails to encompass Dr. Griffith's additional finding regarding Ms. January's "impaired bilateral dexterity." This argument is misplaced. As the Magistrate Judge explained, the ALJ need not defer to the conclusions of a non-treating physician, and is, in any case, free to "reject the opinion of any physician if the evidence supports a contrary conclusion." *Beegle*, 482 F. App'x at 486. In other words, so long as the record supports the ALJ's decision and the ALJ proffers a reviewable explanation for his treatment of a physician's opinion, the

3

ALJ may freely reject the medical opinion of a non-treating physician. Here, the ALJ adequately identifies the weight given to Dr. Griffith's opinion and the rationale supporting the assigned weight by specifically laying out Dr. Griffith's medical conclusions, including his opinion that Ms. January has a "marked limitation in her ability to respond appropriately to usual work situations and changes in a routine work setting . . . [and] that she has no to moderate limitations in her other areas of mental functioning." Doc. 6-3 at 30. The ALJ then explained that these non-exertional impairments are adequately reflected in Ms. January's RFC and supported by the record evidence, and, accordingly, specified that he gave Dr. Griffith's opinion "good weight." *Id.*

Ms. January is correct that the ALJ did not refer to Dr. Griffith's finding that she suffered from "impaired bilateral dexterity." However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," so long as the court is able to determine that the ALJ's decision is based on the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1211. In his ruling, the ALJ discussed in detail all of Ms. January's medical history, including Dr. Griffith's findings. Doc. 6-3 at 24–31. Notably, as pointed out by the Magistrate Judge, there is no indication of impaired fine motor skills in Ms. January's medical records, she never complained about fine motor difficulties to

her treating physicians, and, most significantly, neither Ms. January, her representative, or her mother suggested that impaired fine motor skills constituted a potential basis for Ms. January's claimed disability. Doc. 13 at 7–9, 13.[1] In light of the overwhelming evidence in the record indicating that Ms. January's motor skills were unimpaired, *id.*; doc. 6-3 at 25–28, the court concludes that substantial evidence, defined as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion," *McCloud v. Barnhart*, 166 F. App'x 410, 415 (11th Cir. 2006), supports the ALJ's decision to reject this limitation. Moreover, a review of the ALJ's decision in this case reveals that the ALJ comprehensively reviewed and discussed Ms. January's medical history, doc. 6-3 at 24–31, and adequately evaluated Ms. January's condition as a whole, thereby providing sufficient justification for his treatment of Dr. Griffith's medical opinions.[2]

---

[1] Ms. January now seeks to distinguish this evidence by arguing that the record indicates that her condition declined over time rendering prior medical evidence is inapposite. Still, "the claimant [bears] the burden of proving she is disabled." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Even if Ms. January's condition was worsening over time, she never articulated declining fine motor skills as a reason for her disability and she never provided any evidence suggesting a deficiency in that regard. Moreover, as mentioned, the great weight of the medical evidence indicates that Ms. January's motor skills were normal.

[2] To the extent the ALJ erred by failing to specifically discuss and assign weight to the portion of Dr. Griffith's opinion dealing with impaired fine motor skills, the error was harmless because "it is still clear that the ALJ's rejection of the portions of [the] opinion that are inconsistent with the ALJ's ultimately conclusion was based on substantial evidence." *Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 672 (11th Cir. 2014); *see also Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016) (explaining that when the ALJ's decision "provide[s] enough information to know how [she] came to [her] decision . . . [and] demonstrates thoughtful consideration of the findings [in support of] the overall conclusion" error in not assigning weight

Indeed, the ALJ alone bears the responsibility for making the RFC determination and she may "reject the opinion of any physician if the evidence supports a contrary conclusion." *Beegle*, 482 F. App'x at 483. In this regard, the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citation omitted). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "'reasonable and supported by substantial evidence.'" *Id.* (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

While Ms. January may quibble with the ALJ's RFC determination, and believe that the non-exertional limitations identified by Dr. Griffith's report supports a more restrictive RFC finding, this court is precluded from "'re-weigh[ing] the evidence or substitut[ing] [its] judgment for that [of the Commissioner] . . . even if the evidence preponderates against' the decision." *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Bloodsworth*, 703 F.2d at 1239). As extensively summarized by the Magistrate Judge, substantial evidence supports the ALJ's overall RFC determination with regard to

---

to a particular doctor's finding is harmless); *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007) (noting that in this context "[e]rrors may be harmless if they do not prejudice the claimant").

Ms. January's articulated non-exertional basis for disability. *See* Doc. 13 at 12–13, 15–16. [3] Indeed, Dr. Griffith's findings alone support this determination as he found, among other things, that despite Ms. January's moderate cognitive impairments, she retained the ability to function independently, she had no difficulty in terms of following simple instructions and making ordinary work decisions, that her every-day problem solving skills were normal, and that she retained the ability to perform even complex tasks with direct assistance. Doc. 6-10 at 440, 447. In response to those finding, Ms. January's RFC limited her to, among other things, performing simple tasks with only casual interactions with the public and co-workers. Doc. 6-3 at 24. While the RFC may not perfectly reflect Ms. January's mild to moderate cognitive limitations, a reasonable decision based on substantial evidence is all that is required, and the ALJ has met that requirement here.

---

[3] Contrary to Ms. January's arguments, the Magistrate Judge correctly found that the ALJ's RFC determination harmonizes with Dr. Griffith's findings regarding Ms. January's ability to tolerate stress and difficulty in functioning without assistance. The RFC limits Ms. January to simple work requiring only casual contact with co-workers and the public and only two hour intervals of concentration. Doc. 6-3 at 24. This limitation accounts for Ms. January's issues in dealing with work pressures, and also encompasses Dr. Griffith's finding that Ms. January is "able to understand and carry out reasonably detailed instructions." Doc. 6-10 at 447. Ms. January evidently disagrees with this assessment, but she does not specifically articulate how the RFC fails to reflect Dr. Griffith's assessment of her non-exertional limitations. Nor does she point to any evidence that the ALJ may have overlooked in this regard. To the extent that Ms. January is suggesting she is cognitively impaired and cannot function without direct assistance, there is no support for such a conclusion in the record, and Dr. Griffith's finding that Ms. January has a "fair to borderline" ability to function independently precludes a finding of that level of impairment. *Id.*

*B. Objection 2–Whether the ALJ Failed to Adequately Develop the Record with Respect to Possible Medication Side Effects*

Ms. January's second objection, that the ALJ erred by failing to develop the record regarding potential side effects caused by her medication, is also without merit. Ms. January is correct that "the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (quotation omitted). However, there is no error here for two reasons. First, this basic obligation ripens into a special duty only when dealing with "'an unrepresented claimant.'" *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (quoting *Clark v. Schweiker*, 652 F.2d 399, 404 (5th Cir. 1981)). Ms. January was represented at her hearing before the ALJ and no heightened obligation to fully develop the record existed because she does not specifically challenge the adequacy or qualifications of her representative. *See Ellison*, 355 F.3d at 1276–77 (explaining that a represented plaintiff needs to challenge the adequacy of his representation to justify relief based on an ALJ's failure to fully develop the record).

Second, as the Magistrate Judge explained, the ALJ is only required to elicit testimony and make findings regarding the side effects of prescribed medication if there is some basis in the record for concluding that the side effects present a possible basis for the disability claim. *See Passopulos v. Sullivan*, 976 F.2d 642,

8

648 (11th Cir. 1992) (explaining that because there was no evidence that medication "caused side effects for . . . consideration" the "ALJ's failure to elicit testimony and make findings on" that issue was not error); *Cherry v. Heckler*, 760 F.2d 1186, 1191 n.7 (11th Cir. 1985) (noting that while an ALJ may have a duty to investigate possible side effects the duty does not apply to a represented claimant who "did not allege that side effects of drugs contributed to her disability"); *see also Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 904 (11th Cir. 2011) (explaining that "[b]ecause [the plaintiff] was represented by counsel . . . the ALJ was not required to inquire in detail about [the] alleged side effects"); *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 367 (11th Cir. 2010) (finding no duty to create a record with respect to medical side effects when the record was devoid of any evidence that the claimant's "symptoms actually were caused by her medications").

As aptly summarized by the Magistrate Judge, the record in this case provides no indication that Ms. January ever suffered significant side effects from her medication. Neither Ms. January nor her representative indicated to the ALJ that medical side effects contributed to Ms. January's disability claim, nor did they suggest that Ms. January had experienced side effects due to her prescribed medications in the first instance. Moreover, the Magistrate Judge found that Ms.

9

January denied experiencing side effects in the documents she submitted to the Commissioner and her medical records fail to provide any indication that she ever experienced disabling side effects from her medical treatment, doc. 13 at 18, and she does not contest that conclusion here. Instead, Ms. January's argument is effectively that her medication could have created side effects that might have affected her ability to work. This argument is entirely hypothetical and is unsupported by the evidence in the record. If Ms. January had, in fact, experienced side effects from her medication, she should have presented the requisite evidence in support of that contention to the ALJ. After all, "the ALJ's obligation to develop the record does not relieve the claimant of the burden of proving she is disabled." *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 367 (11th Cir. 2010). In other words, Ms. January is responsible for producing evidence in support of her claim. *Id.* She has failed to do so here, and the ALJ was under no obligation to develop the record and make specific findings with respect to a purely hypothetical basis for disability.

In the end, the ALJ need not make a perfect decision, only a reasoned one based on substantial evidence. *See, e.g.*, *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002) (concluding that because "the ALJ made a reasonable decision . . . based on substantial evidence" the district court erred in reversing that decision).

This court agrees with the Magistrate Judge's conclusion that the Commissioner has carried that burden here. Therefore, after careful consideration of the record in this case, the magistrate judge's report and recommendation, and Ms. January's objections to that report and recommendation, the court hereby **ADOPTS** the report of the Magistrate Judge. The court further **ACCEPTS** the recommendation of the Magistrate Judge that the court **AFFIRM** the Commissioner's decision. The court will enter a separate order in conformity with this Memorandum Opinion.

    **DONE** the 12th day of March, 2018.

                                              _____
                                                   **ABDUL K. KALLON**
                                              UNITED STATES DISTRICT JUDGE